UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD N. SAYLES, )
)
              Petitioner, )
)
vs. ) Case No. 1:14-cv-55-TWP-TAB
)
DUSHAN ZATECKY, )
)
              Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Richard N. Sayles for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 13-10-0121. For the reasons explained in this Entry, Mr. Sayle's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

Mr. Sayles was convicted of Class B offense #209, Impairment of Surveillance, which resulted in a written reprimand, thirty (30) days of disciplinary segregation, and a ninety (90) day deprivation of earned credit time. The events leading up to this conviction are the following.

On October 16, 2013, Correctional Officer J. Luttman wrote a Report of Conduct in case ISR 13-10-0121 charging Mr. Sayles with Class B offense #209, Impairment of Surveillance. The Conduct Report states:

> On 10-16-13 at approximately 1:50 pm, I officer Luttman was securing an offender in his cell when I noticed a red jumpsuit across the bars of cell 13-4C. I [then] walked off range and left GCH to the Duty office to grab the camera. I [then] walked to 13-4C which belongs to offender Sayles (136665) and took a picture of the red jumpsuit draped across the cell door and a picture of offender Sayles (136665) while he was cussing at me.

On October 22, 2013, while waiting to be screened for this offense, Mr. Sayles became disorderly and began yelling and kicking a door. Mr. Sayles was returned to his cell.

On October 24, 2013, a hearing officer began a disciplinary hearing. Mr. Sayles refused to cooperate and became verbally abusive toward the hearing officer. The hearing officer asked Mr. Sayles if he understood his rights, and Mr. Sayles responded by saying the "rights were wrong and violated" and the rights did not apply to him. Mr. Sayles then called the hearing officer a derogatory name, insulted her, and told her he "was gonna kill her and her family." The hearing officer stopped the hearing. The hearing officer found Mr. Sayles guilty of offense #209. In making this determination, the hearing officer considered staff reports and pictures taken of the incident.

Based on the hearing officer's recommendations, a written reprimand, thirty (30) days of disciplinary segregation, and a ninety (90) day deprivation of earned credit time were imposed. The hearing officer imposed the sanctions because of the seriousness and nature of the offense,

Mr. Sayles' attitude and demeanor during the hearing, and the likelihood that the sanction would have a corrective effect on Mr. Sayles' future behavior.

On November 1, 2013, Mr. Sayles appealed to the Facility Head. On November 21, 2013, the Facility Head denied the appeal. Sayles' appeal to the Appeal Review Officer was denied on December 4, 2013.

### C. Analysis

Mr. Sayles asserts that he is entitled to relief because 1) the charges were fabricated, 2) he was not given the opportunity to request evidence during screening, and 3) the hearing officer was not impartial.

#### 1. Sufficiency of the Evidence

First, Mr. Sayles claims that the conduct report was fabricated. The standard necessary for the disciplinary board to find an offender guilty is "some evidence." *Hill*, 472 U.S. at 454. "Some evidence" is defined as "whether there is any evidence in the record to support the disciplinary board's conclusion." *Id*. at 455.

In this case, there was sufficient evidence to find Mr. Sayles guilty. The conduct report shows that Officer Luttman observed a red jumpsuit covering the bars of Mr. Sayles' cell. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Further, Officer Luttman took pictures showing the obstruction over the bars. Finally, Mr. Sayles admits in his reply brief that he did place the jumpsuit over the bars of his cell such that it obstructed approximately 2.5 square feet of his cell. Dkt. 17 at p. 4.

Class B offense #209, Impairment of Surveillance, of the Indiana Department of Correction Disciplinary Code for Adult Offenders reads as follows:

> Using curtains, coverings or any other matter or object in an unauthorized manner that obstructs or otherwise impairs the line of vision into an offender's cell or room or which obstructs or otherwise impairs any viewing panel or surveillance equipment, either audio or visual within the facility, including blocking staff's view down a range.

The offense is broad enough to include any obstruction that "impairs the line of vision into an offender's cell." Mr. Sayles does not dispute that his placed his jumpsuit on his cell wall in an effort to block light from entering his cell, the result of which was that he impaired the line of vision into his cell. The evidence reflects that Mr. Sayles committed the offense charged and the report was not fabricated. No relief is warranted on this basis.

### 2. Right to Present Witnesses and Evidence

Next, Mr. Sayles claims that he was not screened, and if he had been, he would have been entitled to request witnesses, documentary evidence and videos. Mr. Sayles did not raise this claim in his disciplinary hearing, and in his appeal to the Facility Head, he merely stated that he "was not screened" and that the screening officer falsified her report. He did not raise the claim that he was denied the right to request evidence, thus these claims are waived. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2000) (issues must be raised at all administrative levels).

Further, even if Mr. Sayles had exhausted his administrative remedies, and if he had been denied the opportunity to request evidence (a claim which the respondent disputes), he has failed to identify any exculpatory evidence he would have presented at the disciplinary hearing. For example he has not identified the names of the witnesses or documents he would have requested or what the evidence would have shown. Without a showing of prejudice, Mr. Sayles cannot demonstrate a violation of due process. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (denial of evidence harmless unless prisoner shows that evidence could have aided his defense). Given

4

Mr. Sayles' admission that he hung the jumpsuit on his cell wall it is impossible to imagine what exculpatory evidence could exist.

### 3. Impartial Decision Maker

Finally, Mr. Sayles claims that the hearing officer, Sgt. Rinehart, was biased against him because of previous lawsuits and complaints that Mr. Sayles has filed against her. In disciplinary proceedings, adjudicators are "entitled to a presumption of honesty and integrity." *Piggie*, 342 F.3d at 666. The constitutional standard for improper bias is high. *Id*. Where an official is substantially involved in the underlying incident and also acts as a decision maker in the disciplinary proceedings, due process is violated. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). Mr. Sayles does not allege that Sgt. Rinehart was involved in the underlying incident and the record shows she was not. Mr. Sayles points to no evidence to support this claim. Thus, Mr. Sayles has shown no improper bias in the proceedings and this claim fails.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sayles to the relief he seeks. Accordingly, Mr. Sayles' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  __6/23/2015__

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD N. SAYLES
136665
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel